FILED

MAY 0 9 2007

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF HIRSCHFELD STEEL CO., INC. | § § § § | |
| V. | § | CIVIL ACTION NO. W07CA147 |
| MEDLIN CONSTRUCTION GROUP, LTD. and UNITED STATES FIRE INSURANCE COMPANY | § § § § § | |

## COMPLAINT

TO THE UNITED STATES DISTRICT JUDGE:

Hirschfeld Steel Co., Inc. ("Hirschfeld"), brings this action complaining of Medlin Construction Group, Ltd. ("Medlin") and United States Fire Insurance Company ("USFIC"), and for cause of action shows the following:

## PARTIES

1. Hirschfeld is a Nevada corporation that has its principal place of business located at 112 W. 29th Street, San Angelo, Texas 76903.

2. Medlin Construction Group, Ltd., is believed to be a division of Medlin Industries, LLC, located at 18952 Redland Road, Suite 2A, San Antonio, Texas 78258-3561, and may be served through its President, Curtis R. Medlin, at that same address.

3. USFIC is a corporate surety that has issued a payment bond pursuant to 40 U.S.C.A. § 3131, commonly referred to as the Miller Act, and may be served through its designated agent for service of process, Lisa Pietenpol at 6404 International Parkway, Suite 1000, Plano, Texas 75093-8227.

## VENUE AND JURISDICTION

4. This Court has exclusive jurisdiction and venue over this action pursuant to 40 U.S.C.A. § 3133 because the labor and/or materials for which suit is brought were provided in this district.

## BACKGROUND

5. On or about October 30, 2001, Hirschfeld and Medlin entered into that certain Standard Purchase Agreement (the "Purchase Order") in connection with the construction of a vehicle maintenance facility at Fort Hood, Texas (the "Project"). A true and correct copy of the Purchase Order is attached hereto as Exhibit "A" and is incorporated herein by reference.

6. In connection with its work for Medlin associated with the Project, Medlin agreed to pay Hirschfeld the sum of $704,457.00 in exchange for the work and materials specified in the Purchase Order.

7. Also in conjunction with the construction of the Project and pursuant to the requirements of the Miller Act, 41 U.S.C.A. §3131, USFIC issued a payment bond (the "Bond") binding itself to pay, among other things, the amounts owed by Medlin to Hirschfeld labor and or materials furnished to the Project in the event Medlin failed to make such payment. A true and correct copy of the Bond is attached hereto as Exhibit "B."

8. After applying all just and lawful offsets and credits, the amount owed by Medlin to Hirschfeld is the sum of $290,976.00. Hirschfeld has made demand upon Medlin and USFIC for payment of that sum and remains unpaid. More than 90 days have elapsed from the date on which Hirschfeld performed its last labor or furnished its last materials to the Project. This action is brought with in the statutory time period for bringing actions of this type as modified by

the parties' written Tolling Agreement. All conditions precedent to Hirschfeld's cause of action have been performed or have occurred.

## CAUSES OF ACTION

### BREACH OF CONTRACT—MEDLIN

9.  Medlin breached the Purchase Order by failing to pay Hirschfeld the amounts due thereunder. Hirschfeld has performed all requirements under the Purchase Order that entitles Hirschfeld to full payment of all sums due under the Purchase Order. Despite this fact, and despite proper demand, Medlin fails and refuses to pay the sums due. As a result of Medlin's failure to pay, Hirschfeld has been damaged in the amount of $290,976.00. Hirschfeld sues for recovery of this sum.

### BOND CLAIM AGAINST USFIC

10.  To the extent that Medlin has failed to pay the sums due under the Purchase Order for labor and or materials furnished to the Project, USFIC is obligated to pay those sums pursuant to the terms of its Bond. Hirschfeld sues USFIC for the sum of $290,976.00 for payment of the sums due under the Purchase Order for the labor and or materials furnished to the Project.

### *QUANTUM MERUIT* AGAINST MEDLIN

11.  Hirschfeld provided labor and materials to Medlin under circumstances under which Medlin should reasonably expect to have paid for such labor and materials. In the event the Court determines that the parties do not have an enforceable contract, or to the extent that there is a determination that Hirschfeld is not entitled to recover under the terms of the Purchase

Order, Hirschfeld sues for the reasonable value of the materials provided, which sum is an amount no less than $290,976.00.

### ATTORNEYS' FEES

12.   Pursuant to Section 38.001 of the Texas Civil Practices & Remedies Code, Hirschfeld is entitled to recover reasonable and necessary attorneys' fees incurred in connection with this action, for which sum Hirschfeld sues.

WHEREFORE, Hirschfeld prays that Defendants be cited and that summons be served upon Defendants to answer herein, and that upon the trial of this cause, Hirschfeld have and recover all sums due as set forth above, together with prejudgment interest, attorneys' fees, costs of court, interest after judgment, and such other and further relief to which it may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, CUMMISKEY
& LOWNDS, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
214-871-2100 (Telephone)
214-871-2111 (Facsimile)

By: /s/ Terry L. Salazar
Terry L. Salazar
Texas Bar No. 17527500

ATTORNEYS FOR
HIRSCHFELD STEEL CO., INC.

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

## NOTICE OF DOCUMENT(S) NOT IMAGED AND CONTAINED IN CASE FILE

Civil Case No.  W-07-CA-147

[Plaintiff's Name]  U.S. FOR THE USE AND BENEFIT OF HIRSCHFIELD STEEL CO., INC.

VS.

[Defendant's Name] MEDLIN CONSTRUCTION GROUP, LTD., ET AL

Document #:  1

Description:  EXHIBIT A – VEHICLE MAINTENANCE FACILITY TO COMPLAINT

Filed By:  PLAINTIFF

File Date:  MAY 9, 2007

_____
DEPUTY CLERK

| PAYMENT BOND (See Instructions on reverse) | DATE BOND EXECUTED (Must be same or later than of contract) | | OMB No.: 9000-0045 |
|---|---|---|---|
| Bond No. 6102377676 | August 7 2002 | | |

| PRINCIPAL (Legal name and business address) | TYPE OF ORGANIZATION ("X" one) | | | |
|---|---|---|---|---|
| Medlin Construction Group, Ltd. <br><br>18952 Redland Road, Suite 2A, San Antonio, Texas 78259<br>Curtis R. Medlin, Partner<br>Paul S. Medlin II, Partner<br>Timothy R. Williams, Partner | ☐ INDIVIDUAL     ☒ PARTNERSHIP<br>☐ JOINT VENTURE     ☐ CORPORATION | | | |
| | STATE OF INCORPORATION<br>Texas | | | |
| SURETY (IES) (Name(s) and business address(es)) | PENAL SUM OF BOND | | | |
| United States Fire Insurance Company<br><br>305 Madison Avenue<br><br>Morristown, New Jersey 07960 | MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
| | 14 | 267 | 011 | 06 |
| | CONTRACT DATE<br>07/29/2002 | CONTRACT NO.<br>DACA63-02-C-0015 | | |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

"Reviewed for legal sufficiency (AFARS 1-602-2)"

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| | Medlin Construction Group, Ltd.     PRINCIPAL | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. _____ (Seal) | 2. _____ (Seal) | 3. _____ (Seal) | CORPORATE SEAL |
| NAME(S) & TITLE(S) (Typed) | 1. Curtis R. Medlin<br>Partner | 2. Paul S. Medlin, II<br>Partner | 3. Timothy R. Williams<br>Partner | |

| | INDIVIDUAL SURETY(IES) | | |
|---|---|---|---|
| SIGNATURE(S) | 1. | 2. (Seal) | (Seal) |
| NAME(S) (Typed) | 1. | 2. | |

| | CORPORATE SURETY(IES) | | | |
|---|---|---|---|---|
| NAME & ADDRESS | United States Fire Insurance Company<br>305 Madison Avenue, Morristown, NJ 07960 | STATE OF INC.<br>New York | LIABILITY LIMIT<br>$ 100% | |
| SIGNATURE(S) | 1. _____ | 2. | | CORPORATE SEAL |
| NAME(S) & TITLE(S) (Typed) | 1. Paul Friddle<br>Attorney-in-Fact | 2. | | |

EXHIBIT B

AUTHORIZED FOR LOCAL PRODUCTION<br>Previous edition is usable

STANDARD FORM 25A (REV. 10-98)<br>Prescribed by GSA-FAR (48 CFR) 53.228(c)

S-1817/GEEF 10/01     Page 1 of 2     FRP

### CORPORATE SURETY(IES) (Continued)

| SURETY B | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

### INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisidiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

This Power of Attorney is granted pursuant to Article IV of the By-Laws of the UNITED STATES FIRE INSURANCE COMPANY as now in full force and effect.

**ARTICLE IV Execution of Instruments.** "The Chairman of the Board, Vice-Chairman of the Board, President, or any Vice-President, in conjunction with the Secretary, or any Secretary, if more than one shall be appointed by the Board, or an Assistant Secretary, shall have power on behalf of the Corporation:

(a) to execute, affix the corporate seal manually or by facsimile to, acknowledge, verify and deliver any contracts, obligations, instruments and documents whatsoever in connection with its business including, without limiting the foregoing, any bonds, guarantees, undertakings, recognizances, powers of attorney or revocations of any powers of attorney, stipulations, policies of insurance, deeds, leases, mortgages, releases, satisfactions and agency agreements;

(b) to appoint, in writing, one or more persons for any or all of the purposes mentioned in the preceding paragraph (a), including affixing the seal of the Corporation."

This Power of Attorney is signed and sealed under and by the authority of Article III, Section 9 of the By-Laws of the UNITED STATES FIRE INSURANCE COMPANY as now in full force and effect.

**ARTICLE III Section 9 Facsimile Signatures.** "The signature of any officer authorized by the Corporation to sign any bonds, guarantees, undertakings, recognizances, stipulations, powers of attorney or revocations of any powers of attorney and policies of insurance issued by the Corporation may be printed facsimile, lithographed, or otherwise produced. The Corporation may continue to use for the purposes herein stated the facsimile signature of any person or persons who shall have been such officer or officers of the Corporation, notwithstanding the fact that he may have ceased to be such at the time when such instruments shall be issued."

### CERTIFICATE

State of New Jersey
County of Morris

I, the undersigned, Assistant Secretary of UNITED STATES FIRE INSURANCE COMPANY, DO HEREBY CERTIFY that the foregoing POWER OF ATTORNEY remains in full force and effect and has not been revoked and furthermore that the above quoted abstracts of Article IV and Article III, Section 9 of the By-Laws of the Corporation are now in full force and effect.

In Testimony Whereof, I have hereunto subscribed my name and affixed the corporate seal of the said Company, this 7th day of August, 2002.

By _David Pesce_
Assistant Secretary
David Pesce

# POWER OF ATTORNEY
## UNITED STATES FIRE INSURANCE COMPANY
### PRINCIPAL OFFICE, NEW YORK, N.Y.

**165293**

KNOW ALL MEN BY THESE PRESENTS: That the UNITED STATES FIRE INSURANCE COMPANY a Corporation duly organized and existing under the laws of the State of New York, and having its administrative offices in the Township of Morris, New Jersey, has made, constituted and appointed, and does by these presents make, constitute and appoint Pat J. Moore, Paul Friddle, Gary W. Wheatley, Bryan K. Moore, and Michael Wibracht, of San Antonio, Texas, each

its true and lawful Agent(s) and Attorney(s)-in-Fact, with full power and authority hereby conferred in its name, place and stead, to execute, seal, acknowledge and deliver: Any and all bonds and undertakings————————————————————————————

————————————————————————————————————————————————————————————

and to bind the Corporation thereby as fully and to the same extent as if such bonds had been duly executed and acknowledged by the regularly elected officers of the Corporation at its offices in Morris Township, New Jersey, in their own proper persons.

This Power of Attorney limits the act of those named therein to the bonds and undertakings specifically named therein, and they have no authority to bind the Company except in the manner and to the extent therein stated.

This Power of Attorney revokes all previous powers issued in behalf of the attorney(s)-in-fact named above.

IN WITNESS WHEREOF the United States Fire Insurance Company has caused these presents to be signed and attested by its appropriate officers and its corporate seal hereunto affixed this 11th day of April, 2002.

Attest:                                    UNITED STATES FIRE INSURANCE COMPANY

*David Pesce*                              *Peter J. Daly*
Assistant Secretary                        Senior Vice President
David Pesce                                Peter J. Daly

STATE OF NEW JERSEY )
                    ) ss.:
COUNTY OF MORRIS    )

On this 11th day of April, 2002, before the subscriber, a duly qualified Notary Public of the State of New Jersey, came the above-mentioned Vice President and Assistant Secretary of United States Fire Insurance Company, to me personally known to be the officers described in, and who executed the preceding instrument, and they acknowledged the execution of the same, and being by me duly sworn, deposed and said, that they are the officers of said Company aforesaid, and that the seal affixed to the preceding instrument is the Corporate Seal of said Company, and the said Corporate Seal and their signatures as officers were duly affixed and subscribed to the said instrument by the authority and direction of the said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my seal at the Township of Morris, the day and year first above written.

(Signed)
(Seal)



*Catherine A. Sincavage*
Notary Public

Catherine A Sincavage
Notary Public of New Jersey
My Commission Expires July 12, 2004

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

### DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff: **Tom Green County, TX**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Bexar County, Texas**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Terry L. Salazar, Quilling, Selander, Cummiskey & Lownds, P.C., 2001 Bryan Street, Suite 1800, Dallas, Texas 75201, Tel: (214) 871-2100, Fax: (214) 871-2111

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☒ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**Miller Act, 41 U.S.C.A. § 3131**

Brief description of cause:
**Breach of contract for construction of vehicle maintenance facility at Fort Hood, Texas.**

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 5-11-07

SIGNATURE OF ATTORNEY OF RECORD: /s/ Terry L. Salazar

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ORIGINAL    409155

AO82
(Rev. 4/90)

**RECEIPT FOR PAYMENT
UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF TEXAS**
at Waco, TX

RECEIVED FROM  Quilling, Selander, Cummiskey, Lownds, P.C.
2001 Bryan St, Ste 1800
Dallas, TX 75201

| Fund | | ACCOUNT | AMOUNT |
|---|---|---|---|
| 6855XX | Deposit Funds | 510000 | $190.00 |
| 604700 | Registry Funds | 086900 | $60.00 |
| | General and Special Funds | 086400 | $100.00 |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees | TOTAL | $350.00 |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | | |
| 322360 | Miscellaneous Fees | | |
| 143500 | Interest | | |
| 322380 | Recoveries of Court Costs | | |
| 322386 | Restitution to U.S. Government | | |
| 121000 | Conscience Fund | | |
| 129900 | Gifts | | |
| 504100 | Crime Victims Fund | | |
| 613300 | Unclaimed Monies | | |
| 510000 | Civil Filing Fee (½) | | |
| 510100 | Registry Fee | | |

Case Number or Other Reference
W: 07-CA-147

Civil Filing Fee
U.S. for the Use + Benefit of Hirschfield Steel vs. Medlin Const. Group, Ltd, et al

$Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.   6072

DATE 5/10/2007   Cash | Check X | M.O. | Credit   DEPUTY CLERK: a. miles